UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONI BALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF INDIANAPOLIS, ) | |
| INDIANAPOLIS METROPOLITAN POLICE ) | No. 1:12-cv-00179-SEB-DKL |
| DEPARTMENT, ) | |
| INDIANA STATE POLICE DEPARTMENT, ) | |
| THE STATE OF INDIANA, ) | |
| CLIFTON JONES, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Toni Ball brought this case against Defendants, the City of Indianapolis (the "City"), the Indianapolis Metropolitan Police Department ("IMPD"), the Indiana State Police Department ("State Police"), the State of Indiana (the "State"), and Detective Clifton Jones.. Presently before the Court is a Motion to Dismiss [Docket No. 12] filed on behalf of the State Police and the State, and a Motion for Judgment on the Pleadings [Docket No. 18] filed on behalf of the City, IMPD, and Jones. For the reasons detailed herein, both of these motions are GRANTED.[1]

**Factual Background**

Between March 2009 and October 12, 2010, Detective Jones, in concert with his employer, IMPD, the City and the State Police, investigated an organization known as the "Detroit Boys," which they suspected of being engaged in narcotics drug trafficking. According

---

[1] The State and the State Police have also filed a motion to strike Plaintiff's Sur-reply [Docket No. 21]. That motion is DENIED.

to Plaintiff's Complaint, the conspiracy involved a drug distribution scheme whereby the Detroit Boys' prospective customers placed telephone calls to a particular dispatch number and when their calls were answered asked to "come by." In reality, this was a code for their request for permission to buy cocaine and/or heroin. The Detroit Boys then directed their customers to one of two distribution houses where the callers could obtain the narcotics. In September 2010, Defendants undertook visual surveillance at as well as wire interceptions of the phone lines located in the two suspected distribution houses.

In December 2010, Det. Jones represented in a sworn probable cause affidavit (the "Affidavit") that Plaintiff Toni Ball had conspired to possess cocaine and/or heroin supplied by the Detroit Boys between September 8, 2010 and October 4, 2010. The Affidavit specified that Ball herself had called the telephone line or was named by others during the intercepted conversations more than thirteen times which was evidence of her involvement in the conspiracy to purchase narcotics. Although the Affidavit identified the source of the telephone number for the originating calls as an individual named "Julia Chapman," Det. Jones testified that, based on his familiarity with Plaintiff's voice, it was his opinion that Plaintiff had made the telephone calls. The Affidavit further noted that police surveillance had identified Plaintiff Ball "arriving, entering and exiting the distribution houses, after making the pertinent calls to the dispatch telephone … to request permission to come and purchase cocaine and/or heroine."

On December 16, 2010, Plaintiff was arrested by Detective Jones and charged with two counts of "Possession of Cocaine or Narcotic/FB." However, when Plaintiff appeared in Court on January 5, 2011 on these charges, they were dismissed when it was determined that she was not the individual who was alleged to have committed the crimes.

Plaintiff's Complaint avers that Detective Jones deliberately testified falsely in the Affidavit in support of the arrest warrant, thereby causing her to be wrongfully arrested. Further, Plaintiff alleges that no one associated with Defendants verified the accuracy or veracity of Jones's Affidavit. In a "kitchen sink" fashion, Plaintiff's Complaint contains the following claims: (Count I) 42 U.S.C. §§ 1983, 1981; (Count II) False Arrest/Imprisonment; (Count III) Fraud; (Count IV) Perjury; (Count V) Official Misconduct in violation of Ind. Code 35-44-1-2(1); (Count VI) Respondeat Superior against IMPD and the City; (Count VII) Conspiracy to Commit Perjury; (Count VIII) Respondeat Superior against the State Police and the State. Plaintiff seeks an award of compensatory damages, punitive damages, and attorney fees.

**Legal Analysis**

The State and the State Police have filed a joint Motion to Dismiss all of Plaintiff's claims against them. The remaining Defendants -- the City, IMPD,[2] and Detective Jones seek judgment on the pleadings on all claims with the exception of the false arrest and imprisonment claim against Det. Jones.[3] As more fully explicated below, the legal standards governing these kinds of motions are identical and, thus, we address them as such.[4]

**I.     Standard of Review**

Motions for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) are reviewed under the same standard as a motion to dismiss under Federal Rule of Civil

---

[2] In response to the motion for judgment on the pleadings, Plaintiff concedes that IMPD is not a separate suable entity and that all claims against IMPD are absorbed by claims she might have against the City or the State. Pl.'s Resp. at 22. Thus, IMPD is entitled to judgment on the pleadings with regard to all of Plaintiff's claims against it.

[3] At this stage in the litigation, Detective Jones does not seek judgment with regard to Plaintiff's federal false arrest and imprisonment claim against him. Thus, our ruling has no effect on that claim.

[4] Although the legal standards are identical, unlike a motion to dismiss, a motion for judgment on the pleadings is a motion for final judgment in favor of the moving party. Smith v. Jupiter Aluminum Corp., No. 2:09-cv-356, 2011 U.S. Dist. LEXIS 4725, at *6 (N.D. Ind. Jan. 18, 2011). Thus, to the extent that an entitlement to relief is established by the City, IMPD or Det. Jones, it will result in a final disposition of those claims.

Procedure 12(b)(6). Cuatle v. Torres, No. 1:09-cv-0820-RYL-TAB, 2010 U.S. Dist. LEXIS 59420, 2010 WL 2545627 at *1 (S.D. Ind. June 15, 2010). This approach implicates Federal Rule of Civil Procedure 8, Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 619 (7th Cir. 2007), which requires a "short plain statement of the claim showing that the pleader is entitled to relief." "A plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). And a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949.

### II. Discussion

#### A. Plaintiff's State Law Claims

##### 1. State Law Claims Against the City and Det. Jones

Plaintiff's Complaint alleges that she is entitled to damages under theories based on state law claims of false arrest and imprisonment, fraud, perjury, conspiracy to commit perjury, and official misconduct. All of these claims sound in tort and, as explicated below, are barred as a result of Plaintiff's failure to file a timely notice of tort claim. Plaintiff's Complaint also alleges violations of the Indiana Constitution. However, Indiana has never recognized a civil damages remedy for alleged violations of its Constitution. See Greater Indianapolis Chapter of

N.A.A.C.P. v. Ballard, 741 F. Supp. 2d 925, 934(S.D. Ind. 2010)(Barker, J.). Thus, these claims fail as well.

> Pursuant to the Indiana Tort Claims Act ("ITCA"), Ind. Code 34-13-3-8:
>
> a claim against a political subdivision is barred unless notice is filed with: (1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission created under IC 27-1-29; within one hundred eighty (180) days after the loss occurs.

Under the ITCA, a "political subdivision includes a "city." IND. CODE 34-6-2-110. Plaintiff concedes that she did not file a timely tort claim notice with regard to her claims against the City, and so has withdrawn them.[5] While Plaintiff has not identified which specific claims she abandoning, since the Indiana Supreme Court has ruled that the ITCA applies to *all* torts against persons or property, (Cantrell v. Morris, 849 N.E.2d 488, 495 n. 4 (Ind. 2006)), we construe the withdrawal to apply to all her state law claims against the City. Unfortunately, as explained below, Plaintiff's federal claims against the City fail as well.

Plaintiff's failure to file a timely notice of tort claim bars her state tort claims against Det. Jones as well because the the ITCA's notice provision applies equally its employees as to the political subdivision, so long as the employee's allegedly tortious activity occurred while he was acting within the scope of his employment. Poole v. Clase, 476 N.E.2d 828, 831 (Ind. 1985). In such instances, the employer political subdivision is required to defend an individual employee named in a tort claim action. Id. at 830-32. "To interpret the intention of the Legislature otherwise would have this provision allow a complete circumvention of all of the other purposes and provisions of the Tort Claims Act since the political subdivision would have virtually the same responsibilities when only the employee is sued but without being accorded the benefits of

---

[5] The State Defendants do not contend that Plaintiff failed to provide them with notice of her claims. Presumably, Plaintiff filed her notice of tort claim in a timely manner with regard to those entities, despite her failure to file such notice within the 180 days as required for the City.

notice." Id.  As noted previously, Plaintiff concedes having failed to file a timely notice of tort claim.  Thus, her state law claims against Det. Jones are barred as well.

Plaintiff's state law claims have also been asserted against Det. Jones in his individual capacity.  Ind. Code § 34-13-3-5(c) provides:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>   (1) criminal;
>   (2) clearly outside the scope of the employee's employment;
>   (3) malicious;
>   (4) willful and wanton; or
>   (5) calculated to benefit the employee personally.
> The complaint must contain a reasonable factual basis supporting the allegations.

The Complaint before us includes multiple references to Det. Jones having acted pursuant to his official position as a Detective in committing the alleged torts.  Compl. ¶ 22, 59, 64-65.  Furthermore, although the Complaint recites in conclusory fashion that Det. Jones's wrongful identification of Plaintiff occurred "intentionally," "willfully," "with malice," and "acting in bad faith," the Complaint is entirely devoid of *any* facts supporting those allegations.  Accordingly, we hold that Plaintiff's Complaint fails to meet the requirements of Ind. Code 34-13-3-5(c) as well as the minimal pleading requirements of Federal Rule of Civil Procedure 8 in stating a claim against Det. Jones personally.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### 2. Plaintiff's State Law Claims Against the State and the State Police

Regarding Plaintiff's claims against the State Defendants, the Complaint is markedly sparse.  Plaintiff acknowledges that Det. Jones is an employee of IMPD, not the State Police.  The claims against the State Defendants are simply: (1) that the State Police through its Drug Enforcement Section was involved in some capacity in the wire-tapping of the Detroit Boys's

telephone lines that led to Det. Jones's alleged misidentification of Plaintiff; and (2) that "all Defendants" failed to verify the accuracy of the information contained in Det. Jones's probable cause affidavit. Compl. ¶¶ 68-74. These allegations fall short of stating a viable cause of action against these Defendants.

Even if Plaintiff had satisfied the pleading requirements in her Complaint against the State Defendants, her lawsuit would not survive. As noted above, Indiana has never recognized a civil damages remedy for alleged violations of its Constitution. See Ballard, 741 F. Supp. 2d 925, 934(S.D. Ind. 2010)(Barker, J.). Further, Plaintiff lacks standing to pursue claims based on Indiana's criminal code. See Ind. Code 35-34-1-1("All prosecutions of crimes shall be brought in the name of the state of Indiana."). Similarly, nothing in Indiana's Crime Victim's Relief Act, Ind. Code § 34-24-3-1, (the "ICVA")[6] provides her with standing. Indeed, we are left wondering as to the reason Plaintiff raised this statute at all in her Response brief since it is well-established under Indiana law that the state cannot be deemed to have committed a crime against itself. Brownsburg Cmty. Sch. Corp. v. Natare Corp., 824 N.E.2d 336, 341 (Ind. 2005)("neither the State nor any other governmental entity is subject to criminal provisions of Indiana statutes without the legislation making that result absolutely clear."); State v. Ziliak, 464 N.E.2d 929, 930 (Ind. Ct. App. 1984)("Because a crime is an offense against the sovereign, it is axiomatic that the sovereign cannot commit a crime."). Moreover, the ICVA clearly limits the criminal violations

---

[6] In relevant part, the ICVA provides:

> If a person has an unpaid claim on a liability that is covered by IC 24-4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:
> (1) An amount not to exceed three (3) times:
> (A) the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or
> (B) the total pump price of the motor fuel received, in the case of a liability that is covered by IC 24-4.6-5.

IND. CODE § 34-24-3-1.

to which it applies, and none are included in Plaintiff's claims against any of the Defendants.[7] Thus, Plaintiff's state law claims fail for these additional reasons.

### B. Plaintiff's Federal Claims

### 1. Plaintiff's Federal Claims Against the City

The City argues that it is entitled to judgment on the pleadings with regard to the federal claims set out in Counts I and VII because no constitutional deprivation has been incurred by Plaintiff as a result of an express policy, practice, or a decision of a final decision maker. The Supreme Court, in Monell v. Department of Social Services, 436 U.S. 658 (1978), ruled that municipalities are subject to Section 1983 liability only when a violation of plaintiff's federally protected right(s) can be attributed to the enforcement of a municipal policy, practice, or the decision of a final municipal policy maker. In applying this well established principle, the Seventh Circuit recently explained:

> To establish municipal liability, a plaintiff must show the existence of an "official policy" or other governmental custom that not only causes but is the "moving force" behind the deprivation of constitutional rights. A plaintiff can establish an official policy through "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."

Teesdale v. City of Chicago, 690 F.3d 829, 833-34 (7th Cir. 2012)(citations omitted). "Monell liability is not a form of respondeat superior; instead, a municipality can only be held liable 'when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

---

[7] Plaintiff has not alleged a liability covered by IND. CODE 24-4.6-5 (relating to liability for motor fuel theft), or losses as a result of any violation of the following: IND. CODE 35-43 (relating to property crimes), IND. CODE 35-42-3-3 (relating to criminal confinement), IND. CODE 35-42-3-4 (relating to interference with child custody rights), or IND. Code 35-45-9 (relating to participation in criminal gang activity).

government as an entity is responsible for under section 1983.'" Valentino v. Vill. of S. Chi. Heights, 575 F.3d 664, 674-75 (7th Cir. 2009)(quoting Monell, 463 U.S. at 694).

Plaintiff concedes that a municipality cannot be held liable pursuant to Section 1983 for the unconstitutional acts of its employees on a respondeat superior theory. Plaintiff attempts to salvage her "Monell claim" by arguing that it is based on Det. Jones's decision to include evidence obtained during surveillance in the Probable Cause Affidavit. This contention falls well short of the requirements for such a claim, beginning with the fact that a "decisionmaker" is clearly distinguishable from a "policymaker." Valentino, 575 F.3d at 675. "The fact that a particular official--even a policymaking official--has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481-82 (1986). "Rather, such an official also must be responsible for establishing final government policy on a particular issue." Valentino, 575 F.3d at 675. Plaintiff entirely failed to establish that Det. Jones was vested with final policymaking authority in any context, never mind the limited context in which he was performing his official duties. Thus, Plaintiff's Section 1983 claim against the City cannot survive.

The City seeks judgment on the pleadings with regard to any 42 U.S.C. § 1981claim as well arguing that this Section does not provide a cause of action separate from Section 1983 against state actors or local government entities. Jett v. Dallas Independent School District, 491 U.S. 701, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989). Plaintiff rejoins on the basis of her "belief" that the Supreme Court would overturn this holding in Jett, if the opportunity presented itself, in light of the subsequent enactment of amendments to the Section in the Civil Rights Act of 1991. We do not share Plaintiff's confidences. In fact, we recently reaffirmed the Supreme Court's

holding in <u>Jett</u> ruling that "Section 1983 remains the only avenue of relief against state actors for violation of rights contained in Section 1981." <u>Greater Indianapolis Chapter of the NAACP v. Ballard</u>, 741 F. Supp. 2d 925, 941 (S.D. Ind. 2010).  Beyond her wishful thinking and "finger in the wind," Plaintiff has presented no argument that would prompt something other than our continued reliance on the <u>Jett</u> decision.  Thus, we shall enter a judgment on the pleadings in favor of the City on Plaintiff's Section 1981 claim.

### 2. Plaintiff's Federal Claims Against the State Defendants

The State Defendants argue that Plaintiff has failed to state a federal claim against them pursuant to 42 U.S.C. § 1983 because clearly they are not "persons" as defined in that statute against whom an action may be maintained.[8]  See <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989).  Section 1983 provides:

> Every <u>person</u> who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42. U.S.C. § 1983 (emphasis supplied).

Again, Plaintiff concedes that the State Defendants are not "persons" under Section 1983 but maintains that there are specific, as yet unidentified individuals operating within the Drug Enforcement Agency of the Indiana State Police against whom a Section 1983 claim can be brought.  Accordingly, she seeks leave to proceed with discovery with the intent to amend her Complaint to add these individuals as defendants once their identities have been ascertained.

---

[8] Although the State Defendants did not specifically argue the point, as discussed above, Section 1981 does not create a cause of action against state actors separate from Section 1983. <u>Jett</u>, 491 U.S. 701 (1989).  Thus, any claim against the State Defendants pursuant to Section 1981 would fail for the same reasons we determined that her claims pursuant to Section 1983 failed.

Plaintiff's requested indulgence by the Court embraces an illusory hope, given that neither a state nor its agencies can be considered "persons" for purposes of Section 1983. Will 491 U.S. 58 (1989). Plaintiff has framed her Complaint against the State Defendants, not against unknown individuals working for those entities. As such, it fails to state a claim against those Defendants upon which relief may be granted. Thus, dismissal is entirely warranted.[9]

## Conclusion

For the reasons detailed herein, the motion to dismiss filed on behalf of the State and the State Police is **GRANTED** and all claims against those Defendants shall be dismissed with prejudice. The motion for partial judgment on the pleadings filed on behalf of the City, IMPD, and Det. Jones is also **GRANTED**. Plaintiff's sole remaining claim is the Fourth Amendment false arrest and imprisonment claim against Det. Jones. We shall withhold final judgment until this final claim is resolved.

IT IS SO ORDERED.

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date: 03/25/2013

---

[9] Count VIII of Plaintiff's Complaint, entitled "Respondeat Superior The State Police and the State of Indiana" is the only other claim alleged directly against the State Defendants. These Defendants invoke the firmly established rule, however, that the doctrine of respondeat superior is not available in Section 1983 actions. Fields v. Roswarski, 469 F. Supp. 2d 599, 606 (N.D. Ind. )(citing Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993); Adams v. Pate, 445 F.2d 105, 107 (7th Cir. 1971)). Plaintiff rejoins with a similar argument as that put forth by her in defense of her Section 1983 claim, to wit, that certain unknown individuals employed by the State or the State Police may be identified at a later time and, thus, the Court should allow Plaintiff's claim to proceed to discovery. Again, we shall not allow Plaintiff's improperly pled claim to survive based on a possibility that she might be able to properly plead such a claim at a later time. Accordingly, Count VIII shall also be dismissed.

Distribution:

Angela S. Joseph
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
angela.joseph@indy.gov

Morgan Lee Wills
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
morgan.wills@indy.gov

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
justin.roebel@atg.in.gov

Cory Christian Voight
COOTS HENKE & WHEELER, P.C.
cvoight@chwlaw.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Cari L. Sheehan
LEE FAIRMAN LLP
csheehan@nleelaw.com

Nathaniel Lee
LEE FAIRMAN LLP
nlee@nleelaw.com

Alexander Phillip Will
OFFICE OF CORPORATION COUNSEL
awill@indygov.org